# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JUAN C. PINA, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:13-cv-00444-GMN-VCF |
| vs. | ) |
| | ) **ORDER** |
| BANK OF NEW YORK MELLON, COUNTRYWIDE SECURITIES, and BEAR, STEARNS & CO. INC. (JP MORGAN CHASE) | ) |
| | ) |
| Defendants. | ) |

Pending before the Court is a civil action filed in state court by Juan C. Pina ("Plaintiff") against Defendants The Bank of New York Mellon Corporation, sued incorrectly as Bank of New York Mellon ("BNY Mellon"), Countrywide Securities Corporation, sued incorrectly as Countrywide Securities ("Countrywide"), and J.P. Morgan Securities LLC, sued incorrectly as Bear, Stearns & Co. Ins. ("JP Morgan"). (Complaint, ECF No. 1-1.)  Plaintiff also requested a Lis Pendens be recorded on the property that is the subject of this action. (*Id.*)  Defendants filed a Petition for Removal of Action on March 15, 2013 (ECF No. 1) and subsequently filed a Motion to Dismiss (ECF No. 6) and a Motion to Expunge the Affidavit Recorded Against the Property. (ECF No. 7.)  Plaintiff filed his Opposition to Defendants' Motion to Dismiss (ECF No. 13) on March 28, 2013, and on April 8, 2013, Defendants filed their Reply in Support of Motion to Dismiss. (ECF No 15.)

For the following reasons, the Court will **GRANT** Defendants' Motion to Dismiss (ECF No. 6) and **GRANT** Defendants' Motion to Expunge. (ECF No. 7.)

## I. BACKGROUND

On November 12, 2003, Plaintiff obtained title to some property, located at 504 North Wallace Drive, Las Vegas, Nevada 89107, APN# 138-26-712-040 (the "Property"), by Sale Deed from Carl A. Hammer and Le Anne B. Hammer for $10.00. (Sale Deed, ECF No. 6-1.)[1] On May 31, 2006, Plaintiff refinanced the Property by obtaining a loan for $183,600.00 from Countrywide Home Loans, Inc., which was secured by a Deed of Trust encumbering the Property. (Deed of Trust, ECF No. 6-2.) The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee of the lender and named Recon (Clark) Trust Company NA as the Trustee. (*Id.*)

Plaintiff does not deny in any of his pleadings that around November of 2008, he ceased making payments on his mortgage and defaulted on the loan. (Notice of Default, ECF No. 6-5.) On February 10, 2010, MERS recorded a Corporation Assignment of Deed of Trust, making BNY Mellon the beneficiary of the Deed of Trust. (Corporation Assignment of Deed of Trust, ECF No. 6-3.) On the same day, BNY Mellon—through BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP as AIF—recorded a Substitution of Trustee, substituting ReconTrust Company, N.A. ("ReconTrust") as trustee under the Deed of Trust. (Substitution of Trustee, ECF No. 6-4.) ReconTrust then recorded a Notice of Default/Election to Sell on August 23, 2011. (Notice of Default, ECF No. 6-5.)

A Certificate of Foreclosure Mediation was recorded on May 14, 2012, certifying that the parties were unable to agree to a resolution of the matter. (Certificate of Foreclosure Mediation, ECF No. 6-6.) That same day, ReconTrust recorded a Notice of Trustee's Sale, setting the sale date for May 31, 2012 at 10:00 a.m. (Notice of Trustee's Sale, ECF No. 6-7.)

---

[1] The Court takes judicial notice of Exhibits A-H of Defendants' Motion to Dismiss (ECF No. 6.) *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Each of these documents is publicly recorded in the Clark County Recorder's office.

Plaintiff filed his Complaint in state court on February 6, 2013. (Complaint, ECF No. 1-1.) Liberally construing the inartfully pled Complaint, Plaintiff appears to be asserting a claim for either intentional or negligent misrepresentation based upon the actions of Defendants and their predecessors in assigning their rights under the Deed of Trust and then seeking to foreclose on the Property. (*Id.*) Plaintiff's Opposition to Defendants' Motion to Dismiss (ECF No. 13) fails to provide any additional facts or clarification regarding the claims alleged in his Complaint. On February 7, 2013, Plaintiff recorded an "Affidavit of Fact" with the Clark County Recorder asserting that the Deed of Trust is invalid and that the Property "was and always has been free and clear, [sic] legally owned by [Plaintiff]." (Affidavit of Fact, ECF No. 6-8.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a

violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

    A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiffs' pleadings with the appropriate degree of leniency.

    "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III. DISCUSSION

### A. Fraud/Intentional Misrepresentation

To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*.

Here, Plaintiff has not alleged with sufficient particularity the circumstances constituting intentional misrepresentation on the part of Defendants. Plaintiff's allegations seem to center around the assignments of beneficiary interest in the Deed of Trust and allege that these assignments constituted misrepresentations about ownership of the beneficiary interest in documents such as the Notice of Breach and Default. Plaintiff also asserts without any citation to authority that these assignments somehow extinguished the rights of the beneficiary under the Deed of Trust, which is incorrect. *See Chavez v. California Reconveyance Co.*, 2:10-CV-00325-RLHLRL, 2010 WL 2545006, at *2 (D. Nev. June 18, 2010) ("The alleged securitization of Plaintiffs' loan did not invalidate the Deed of Trust, create a requirement of judicial foreclosure, or prevent Defendants from being holders in due course."). Plaintiff fails to allege the particular facts concerning the time, place, and specific content of the alleged false representations or to provide any facts leading him to justifiably rely on any such false

statements.  Furthermore, Plaintiff fails to even mention intent or provide any information on damages beyond the conclusory statement that "affiant has suffered deformation of character, loss of business opportunities, health decline and forfeited much of planned retirement." (Complaint ¶ 4, ECF No. 1-1.)  Accordingly, this claim must be dismissed.

### B. Negligent Misrepresentation

Nevada defines negligent misrepresentation as follows:

> One who, in the course of his business, profession or employment, or in any other action in which he [or she] has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he [or she] fails to exercise reasonable care or competence in obtaining or communicating the information.

*Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998) (citing Restatement (Second) of Torts § 552).

Again, Plaintiff has failed to plead what false information he justifiably relied upon or to show what harm was caused by that reliance.  Like intentional misrepresentation, a cause of action for negligent misrepresentation requires a showing that damages resulted from the tortious misrepresentation.  *Foster v. Dingwall*, 227 P.3d 1042, 1052 (Nev. 2010).  Plaintiff has failed to show that any false information was supplied or that he suffered any harm as a result of any information supplied by the Defendants.  Accordingly, this claim must be dismissed.

### C. Leave to Amend

Generally, if the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is

clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Here, granting Plaintiff additional time to amend his Complaint would be futile and cause undue delay and prejudice to the Defendants by further prolonging this suit.  Plaintiff has not sought leave to amend his Complaint, and he has failed to provide sufficient facts to assert a claim in both his Complaint and in his Opposition to Defendants' Motion to Dismiss (ECF No. 13.)  Indeed, in responding to Defendants' Motion to Dismiss (ECF No. 6), Plaintiff failed to provide any additional facts supporting his claims, incorrectly concluding that "[t]he Complaint clearly has a more than sufficient statement of the claim and more than meets the requirement that it be 'short and plain.'" (Opposition to Defendants' Motion to Dismiss, ECF No. 13.) Based on Plaintiff's inability to plead specific facts concerning the alleged misrepresentations or even his own damages in his Complaint or his response to Defendants' Motion to Dismiss, it is unlikely that if granted additional time to amend his Complaint, the Plaintiff would suddenly be able to sufficiently plead the particularities of his claims.

Furthermore, even if Plaintiff were to successfully plead specific facts concerning the alleged misrepresentations made by the Defendants, Plaintiff's underlying argument that the securitization and pooling of his mortgage altered his debt or that the assignment of beneficiary interest somehow terminated Defendants' rights under the Deed of Trust has been routinely rejected by this Court. *See e.g. Lial v. Bank of Am. Corp.*, 2:10-CV-02121-GMN, 2011 WL 5239242, at *4 (D. Nev. Nov. 1, 2011) ("An alleged securitization of a loan does not invalidate the Deed of Trust, create a requirement of judicial foreclosure, or prevent Defendants from being holders in due course."); *Futch v. BAC Home Loans Servicing, LP*, 2:10-CV-02256-KJD, 2011 WL 4544006, at *2 (D. Nev. Sept. 29, 2011) ("Plaintiff's assertion that securitization of the loan somehow relieves her of an obligation to pay is unrecognized in law."); *Reyes v. GMAC Mortgage LLC*, 2:11-CV-100 JCM RJJ, 2011 WL 1322775, at *2 (D. Nev. Apr. 5,

2011) ("the securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust."). Because Plaintiff's allegations of unspecified misrepresentations are based on the faulty premise that securitization of his mortgage or assignment of the beneficiary interest in the Deed of Trust altered his obligation for the debt, pleading more specific facts concerning the time, place, or content of the alleged misrepresentations would still be insufficient to assert a claim for which relief can be granted. Therefore, allowing Plaintiff additional time to amend his Complaint would serve no purpose but to further prolong this proceeding and delay Defendants from exercising their legal rights.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 6) is **GRANTED**. All of Plaintiff's claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion to Expunge (ECF No. 7) is **GRANTED**.

**DATED** this 23nd day of January, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge